1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTIN CARDENAS, | Case No. 1:15-cv-01939-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. 16) |
| Defendant. | |

## I.    INTRODUCTION

On October 3, 2016, Laura Krank, counsel for Plaintiff Steven Martin Cardenas ("Plaintiff"), filed a Motion to Withdraw as Attorney of Record for Plaintiff, along with the Declaration of Laura Krank in support of the Motion.  (Doc. 16.)  Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant") filed a statement of non-opposition (Doc. 18), and Plaintiff has not responded.  The matter is therefore deemed unopposed and submitted on the pleadings.

Upon reviewing the motion and supporting documentation, the Court finds that the matter is suitable for decision without oral argument pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"); as such, no hearing

28

1    will be set.  For the reasons set forth below, counsel's Motion to Withdraw is DENIED without

2    prejudice.

3    <center>**II.      PROCEDURAL HISTORY**</center>

4         Moving counsel Laura Krank states that after undertaking representation of Plaintiff in

5    November 2015, and reviewing the administrative record, she determined she could not prepare

6    the opening brief in this action without speaking with Plaintiff.  (Declaration of Laura Krank

7    ("Krank Decl."), Doc. 16, at ¶ 3.)  On September 2, 2016, Ms. Krank sent Plaintiff a letter, with an

8    enclosed stamped return envelope, indicating that she needed to speak with him about his case.

9    (Memo. of Points and Authorities, Doc. 16, 3:18-20; Krank Decl., Doc. 16, at ¶ 4.)  On September

10   15, 2016, Ms. Krank sent another letter to Plaintiff.  (Krank Decl., Doc. 16, at ¶ 4.)  Both letters

11   were returned from the United States Postal Service, indicating that Plaintiff no longer lived at that

12   address.  (Memo. of Points and Authorities, Doc. 16, 3:22-24.)  Ms. Krank states that she could

13   not contact Plaintiff via telephone as she did not have a current telephone number for Plaintiff.

14   (Krank Decl., Doc. 16, at ¶ 4.)  As of the date the motion was filed, Plaintiff had not advised

15   counsel of the retention of alternative counsel, had not authorized a substitution of attorney, nor

16   had he authorized counsel to dismiss the action with or without prejudice.  (Krank Decl., Doc. 16,

17   ¶ 5.)

18        Ms. Krank filed her Motion to Withdraw on October 3, 2016, the same day as the deadline

19   for filing Plaintiff's opening brief.  (*See* Doc. 17 (Minute Order setting expedited briefing

20   schedule).)  On October 26, 2016, the Court entered a Minute Order expressing concern that since

21   counsel's Motion to Withdraw was served on Plaintiff as his last known address, the same address

22   from which Ms. Krank's letters were returned, Plaintiff had not been fully apprised of the Motion

23   pending in this Court.  (Doc. 20.)  The Court ordered the Clerk of Court to serve Plaintiff with

24   both the Motion to Withdraw and the Minute Order at an alternative address of which the Court

25   was aware.  *Id.*  On November 8, 2016, the Court's Minute Order was returned as undeliverable.

26   (*See* Docket.)

27   //

28   //

<center>2</center>

# III.    DISCUSSION

## A.    Legal Standard

Eastern District of California Local Rule 182(d) provides that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court."  The Local Rules provide that attorneys before the court are subject to the California Rules of Professional Conduct ("Rules"), regardless whether they are admitted to the California State Bar. *Id.*; *see* E.D. Cal. L.R. 180(b)(2)(iv), (e).

An attorney's permissive withdrawal is within the sound discretion of the trial court.  *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  The court may consider: (1) the reasons for withdrawal, (2) the prejudice that withdrawal may cause, (3) the harm to the administration of justice, and (4) the extent to which withdrawal will cause undue delay.  *CE Res., Inc. v. Magellan Grp., LLC*, Civ. No. 2:08-2999 MCE KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).  Rule 3-700 provides several grounds under which an attorney may seek to withdraw, including where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively."  *Id.* 3-700(C)(1)(d).  However, before an attorney can withdraw for any reason, Rule 3-700(A)(2) requires the attorney take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D)[1], and complying with applicable laws and rules."  *Accord Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). "[W]here an attorney seeks to withdraw based on an inability to locate his or her client, compliance with Rule 3-700(A)(2) requires the attorney to 'expend a reasonable amount of time and funds so as to insure that the attorney makes a diligent effort to locate the client.'"  *El Hage v. U.S. Sec. Assocs.*, Civ. No. C06-7828 TEH, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007) (quoting State Bar of Cal. Standing Comm. on Prof'l Resp. & Conduct, Formal Opinion No. 1989-111 at 2).

//

---

[1] Rule 3–700(D) provides that an attorney "whose employment has terminated shall . . . promptly release to the client, at the request of the client, all the client papers and property" and "[p]romptly refund any part of a fee paid in advance that has not been earned."

**B.      Plaintiff's Counsel's Motion to Withdraw is Deficient**

Although she does not specify the Rule under which she seeks to withdraw, it appears that Ms. Krank requests withdrawal under Rule 3-700(C)(1)(d), which permits withdrawal if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Ms. Krank contends that withdrawal is appropriate because she "has determined with she cannot go forward with briefing without communications with" Plaintiff. (Krank Decl., Doc. 16, at ¶ 6.)

The Court finds that Ms. Krank has failed to comply with Rule 3-700(A)(2) as she has not made sufficiently diligent attempts to locate Plaintiff or notify Plaintiff of the Motion to Withdraw. The Proof of Service of the Motion to Withdraw indicates that it was served by U.S. Mail at 1570 Hawthorne Drive, Los Banos, CA 93635 (Doc. 16), which is presumably the same address from which her letters of September 2 and 15 were returned as undeliverable.[2] Courts that have granted an attorney's motion for withdrawal based on the attorney's inability to contact the client have required more extensive evidence of the attorney's attempts to locate and notify the client. *See, e.g., Correia v. The National Railroad Passenger Corp.*, Civ. No. 14-4504 DMR, 2015 WL 4606064 (N.D. Cal. July 31, 2015); *El Hage*, 2007 WL 4328809, at *1-3. *In Correia*, the court held that counsel complied with Rule 3-700(A)(2) where counsel obtained a comprehensive report of the client's contact information, had called, emailed, and mailed the client notice with return receipt requested, used an address obtained through Facebook, contacted the client's friends and acquaintances, and hired an investigator to help locate the client and serve him with the motion to withdraw). Similarly, in *El Hage*, 2007 WL 4328809, the court granted the attorney's request to withdraw after it had called, mailed, and emailed the client, contacted the publisher of a book written by the client, performed internet searches on three different websites that specialized in compiling personal information, conducted a search "using Accurint, a LexisNexis company that compiles personal data based on public records and other sources," completed a forwarding address request with the United States Postal Service, and sent notice by registered mail to all addresses that reasonably appeared to be the client's during the attorney's

---

[2] Local Rule 182(d) requires the attorney to provide an affidavit stating the current or last known address of the client. Ms. Krank's affidavit, however, does not include that information, nor does it indicate to what address Ms. Krank sent her letters of September 2 and 15. (*See* Krank Decl., Doc. 16.)

investigation. *Id.* at *1-3.

Given that Ms. Krank has failed to comply with Rule 3-700(A)(2) and Local Rule 182(d), the Motion to Withdraw is denied without prejudice to refiling and curing the defects identified herein. *See Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 212CV00617KJMKJN, 2016 WL 829208, at *2 (E.D. Cal. Mar. 3, 2016).

**IV.      CONCLUSION**

Accordingly, it IS HEREBY ORDERED that:

1.      The Motion to Withdraw as Attorney of Record for Plaintiff is DENIED without prejudice; and

2.      Given that Plaintiff's opening brief is now untimely by over thirty (30) days, any amended motion to withdraw shall be filed expeditiously, and in any event **no later than twenty (20) days of the date this order is filed.**

IT IS SO ORDERED.

Dated:   **November 22, 2016**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE