1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15

STEVEN MARTIN CARDENAS,

             Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.
_____/

Case No.  1:15-cv-001939-SKO

**INFORMATIONAL ORDER
SETTING BRIEFING SCHEDULE
FOR PRO SE LITIGANT**

16
17
18
19

    Plaintiff Steven Martin Cardenas ("Plaintiff") is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security ("Defendant") that denied, in whole or in part, Plaintiff's claim for benefits under the Social Security Act.

20
21

    This order serves as a <u>step-by-step guide for pro se litigants</u>.  Plaintiff is strongly urged to <u>read this order</u> and keep it readily available for future reference.

22

    **I.**    **Briefs**

23
24
25

    The parties must file formal briefs with the Court as directed in the Scheduling Order. Following the filing of the formal briefs with the Court, the Court will consider the merits of the case and make a decision.

26

        A.    Plaintiff's Opening Brief

27
28

    Plaintiff's opening brief must be filed <u>and</u> served <u>by no later than February 1, 2017</u>.

Plaintiff must serve a copy of the opening brief on all the attorneys listed for Defendant on the court docket at the addresses noted on the court docket.  Plaintiff is advised that **failure to timely file an opening brief will result in dismissal of the action**.

Plaintiff must also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

> Office of the Clerk
> United States District Court
> Eastern District of California
> 2500 Tulare Street, Suite 1501
> Fresno, California 93721

Plaintiff's opening brief must contain the following:

(1)     A plain description of Plaintiff's alleged physical or emotional impairments, when Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from working;

(2)     A summary of the administrative proceedings before the Social Security Administration;

(3)     A summary of the relevant testimony at the administrative hearing;

(4)     A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5)     A recitation of the Social Security Administration's findings and conclusions relevant to Plaintiff's claims;

(6)     A short, separate statement of each of Plaintiff's legal claims explaining why the facts do not support the ALJ's findings; and

(7)     Any argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record.  Any argument in support of each claim of error must be supported by citation to legal authority and an explanation as to how such authority applies to the facts of the case.  Briefs that do not substantially comply with these requirements will be stricken. A document that is stricken becomes null and void and will not be considered by the Court for any

purpose.

                  **B.**      **Defendant's Responsive Brief**

Pursuant to the Scheduling Order, Defendant's responsive brief must be filed and served on Plaintiff <u>within 30 days</u> from the date of service of Plaintiff's opening brief on Defendant.

                  **C.**      **Plaintiff's Reply Brief**

Plaintiff may, but is not required, to file a reply brief <u>within 15 days</u> from the date of Defendant's service of the responsive brief on Plaintiff.  Plaintiff must serve a copy of the reply brief on Defendant by serving the United States Attorney for the Eastern District of California as set forth in Section I above.  Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

Plaintiff's reply brief should respond to the arguments made in Defendant's responsive brief.

## II.      <u>The Court's Decision on the Merits</u>

The Court will consider the merits of the case only after all briefs have been filed, and may enter judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

## III.      <u>General Summary of Deadline Calculations</u>

| **Event** | **Deadline** | **Reference** |
| --- | --- | --- |
| Plaintiff's Opening Brief | February 1, 2017 | *See* Section (I)(A) above |
| Defendant's Brief | 30 days after Plaintiff's opening brief is filed | *See* Section (I)(B) above |
| Plaintiff's Reply Brief (Optional) | 15 days after Defendant's brief is filed | *See* Section (I)(C) above |

## IV.      <u>Rules for Litigating this Action</u>

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local

1  Rules"). A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

2          A.      Local Rule 206 pertains to social security actions.  Specifically, sections

3  (a)(1) and (2) of Rule 206 generally state that complaints shall contain the last four digits of

4  Plaintiff's social security number only, i.e., XXX-XX-1234, and that Plaintiff shall privately

5  disclose to Defendant, within 5 days after a request is made to Plaintiff, the full social security

6  number of Plaintiff.  Plaintiff shall refrain from disclosing the entire social security number on any

7  filings.

8          **FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES,**

9  **OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR**

10 **DISMISSAL OR OTHER APPROPRIATE SANCTIONS.  *See* Local Rule 110; Fed. R. Civ.**

11 **P. 41(b).**

12         B.      Documents intended to be filed with the Court must be mailed to the Clerk

13 of the Court in Fresno, California, at the address noted above.  *See* Local Rule 134(a).  All

14 documents mailed directly to a judge's chambers will be stricken from the record.  A document

15 requesting a court order must be styled as a motion, not as a letter.  *See* Fed. R. Civ. P. 7.

16         C.      Each separate document must be separately stapled. See Local Rule 130.  If

17 a document is stapled behind another document, it will not be filed and will not be docketed as a

18 separate document.

19         D.      All documents filed with the Court must be submitted with an additional

20 legible copy for the Court's use.  *See* Local Rule 133(d)(2).  A document submitted without an

21 extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-

22 stamped copy, an additional copy must be provided for that purpose (i.e., an original and two

23 copies – one for the Court's use and one to be returned to the filing party), together with a self-

24 addressed stamped envelope.  The Court cannot provide copy or mailing service for a party – even

25 for an indigent plaintiff proceeding *in forma pauperis*.  Copies of documents from the Court's file

26 may be obtained from the Clerk's Office at the cost of fifty cents per page.

27         E.      After any defendant has appeared in an action by filing a pleading

28 responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the

4

Court must include a proof of service stating that a copy of the document was served on the opposing party.  See 28 U.S.C. § 1746; Fed. R. Civ. P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F.      A pro se Plaintiff has a duty to keep the Court and opposing parties' counsel apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice.  *See* Local Rule 182(f).   If mail directed to Plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated within 60 days of mail being returned, the action will be dismissed for failure to prosecute.  *See* Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **January 18, 2017**                          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

5