# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MARTIN CARDENAS, | Case No. 1:15-cv-01939-SKO |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | **ORDER DIRECTING CLERK TO CLOSE ACTION** |

On December 29, 2015, Plaintiff, proceeding *in forma pauperis*, filed the present action in this Court. (Doc. 1.) Plaintiff seeks review of the Commissioner's denial of his application for benefits. (Doc. 1.) On September 6, 2016, the Court entered the parties' stipulated request to modify the Scheduling Order (Doc. 14) to require Plaintiff to file and serve his opening brief by no later than October 3, 2016 (Doc. 15).

On October 3, 2016, the same day as the deadline for filing Plaintiff's opening brief, *see* Doc. 17 (Minute Order setting expedited briefing schedule), Plaintiff's counsel filed a motion to withdraw as attorney of record, stating that she has been unable to contact Plaintiff about his case, making it unreasonably difficult for her to carry out her representation of Plaintiff effectively. (Doc. 16.) On November 23, 2016, the Court found that Plaintiff's counsel failed to comply with

California Rule of Professional Conduct 3-700(A)(2) and Eastern District of California Local Rule 182(d), and denied counsel's motion to withdraw without prejudice to refiling and curing the defects identified therein. (Doc. 21.) On December 28, 2016, Plaintiff's counsel filed her amended motion to withdraw. (Doc. 23.)

Plaintiff's counsel was permitted to withdraw as attorney of record on January 18, 2017, and the Court extended the deadline for Plaintiff to file and serve his opening brief to February 1, 2017. (Doc. 28.) That same day, January 18, 2017, Plaintiff was served with an Informational Order for Pro Se Litigants. (Doc. 29.) The Informational Order detailed Plaintiff's responsibilities as a pro se litigant, including the substantive requirements of an opening brief, and required that the opening brief be filed and served by no later than February 1, 2017. (Doc. 29, p. 1.) Plaintiff was further advised of the deadlines for the Commissioner's responsive brief and for any reply brief. (Doc. 29, p. 3.) These deadlines were also set forth on page 3 of the Informational Order that was served on Plaintiff. (*Id.*) On February 1, 2017, Plaintiff failed to file and serve his opening brief with the Court and on opposing counsel. (*See* Docket.)

Following Plaintiff's failure to comply with the Court's order, on February 2, 2017, the Court issued an order to show cause why the matter should not be dismissed. (Doc. 30.) Plaintiff was ordered to respond by no later than February 17, 2017, or in the alternative, to file his opening brief in accordance with the Court's order modifying the briefing schedule. (Doc. 30.)

Plaintiff has not filed any response to the Court's order to show cause why the action should not be dismissed, nor has he filed his opening brief. (*See* Docket.)

## II. DISCUSSION

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." *See* LR 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with

local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the Defendant Commissioner also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.1976). No less drastic sanction is available to the Court, as Plaintiff has failed to comply with the Court's prior orders and is proceeding *in forma pauperis*. The policy favoring disposition of cases on their merits is outweighed by these other four factors in favor of dismissal. *See Hall v. Comm'r of Soc. Sec.*, No. 1:11-cv-00693-JLT, 2011 WL 3794705 at *2 (E.D. Cal. Aug. 25, 2011).

In its Order entered February 2, 2017, the Court informed Plaintiff that failure to comply with the Court's order to show cause may result in dismissal of the action. (Doc. 30.) Thus, Plaintiff had adequate warning that dismissal would result from failure to file his opening brief or "show cause" for why the action should not be dismissed. It is within the Court's inherent authority to dismiss the action both for failure to prosecute and for failure to comply with the Court's order.

//

//

//

## III.   CONCLUSION AND ORDER

Good cause being established therefor, it is HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order and to prosecute; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 23, 2017**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

4